IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR107 |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| STEVEN S. BROWN, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Filing No. 50).

**FACTUAL BACKGROUND**

On May 20, 2003, Brown pleaded guilty to Count I of the Indictment charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

On August 13, 2003, defense counsel Donald J. Angelini, Jr., filed a Motion to Withdraw as defendant's attorney of record. (Filing No. 27). A hearing on the Motion to Withdraw was held before Magistrate Judge Thalken on August 27, 2003. (Filing No. 30). The Court issued an Order granting Angelini's motion to withdraw and appointing a federal public defender to defendant's case. (Filing No. 32). On September 18, 2003, defendant through his new attorney filed a motion to extend the time in which to file a motion to withdraw his guilty plea. (Filing No. 33). Defendant, however, did not move to withdraw his guilty plea, and on October 3, 2003, defense counsel moved to schedule sentencing. (Filing No. 36). This Court sentenced defendant to the custody of the Bureau of Prisons for 87

months, followed by three years of supervised release. (Filing No. 44). Defendant did not file a direct appeal.

On October 4, 2004 defendant filed a § 2255 motion alleging two grounds of ineffective assistance of counsel. (Filing No. 50). Upon initial review of the motion, this Court summarily dismissed the defendant's second claim of ineffective assistance of counsel, and ordered the Government to answer the defendant's remaining claim, that his attorney, Donald J. Angelini Jr. was ineffective because he represented a coconspirator, resulting in a conflict of interest. (Filing No. 51). On February 24, 2005 The United States filed its Answer to defendant's § 2255 motion. (Filing No. 56).

## ANALYSIS

The Sixth Amendment right to counsel has been interpreted to provide for representation that is "free from conflicts of interest or divided loyalties." United States v. Acty, 77 F.3d 1054, 1056 (8th Cir.1996) (citing Dawan v. Lockhart, 31 F.3d 718, 720-21 (8th Cir.1994)). Although conflicts may arise when an attorney simultaneously represents clients with different interests, joint representation of multiple interested parties by a single attorney is not a per se violation of a defendant's right to effective assistance of counsel. See Dokes v. Lockhart, 992 F.2d 833, 836 (8th Cir.1993), cert. denied, 513 U.S. 968 (1994); Salam v. Lockhart, 874 F.2d 525, 527 (8th Cir.1989). A defendant bears the burden of showing that the conflict "adversely affected the lawyer's performance."  Cuyler v. Sullivan, 446 U.S. 335, 348 (1980); see also Acty, 77 F.3d at 1056-57.  Short of demonstrating that his counsel "actively represented conflicting interests," a defendant has not met the constitutional threshold for a claim of ineffective assistance. Cuyler, 446 U.S. at 350.

Here, defendant has failed to establish that an actual conflict of interest existed. Defendant and Angelini both acknowledge that counsel was introduced to defendant by a co-conspirator, however, this in and of itself cannot be the basis for a conflict. Defendant fails to provide any other evidentiary basis for his assertions that Angelini did not zealously represent him. Furthermore, Angelini avers that during his representation of defendant he did not represent individuals with interests adverse to the defendant's, he had no contact with individuals that had interests adverse to defendant's, and his fees were not paid by individuals with interests adverse to the defendant's.

If a defendant is unable to demonstrate an actual conflict of interest under Cuyler, he may alternatively establish that his attorney: (1) had a potential conflict of interest which (2) actually prejudiced the defense. See Acty, 77 F.3d at 1057, n. 3 (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). In order to support the second prong of this test, the defendant must show that the errors committed by counsel were so serious that the defendant was deprived of a fair trial or a reliable result. Strickland, 466 U.S. at 687-89. He must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Defendant has also failed to establish that any potential conflict prejudiced his case. Before sentencing, Angelini withdrew from the case. At this time, defendant was appointed new counsel and afforded an opportunity to withdraw his guilty plea and go to trial. Defendant's new counsel had the opportunity to bring a motion to suppress and move forward with the case. But instead, after consulting with counsel, and having his questions about his case adequately answered, defendant choose to proceed to sentencing. (Filing No. 36). Because after Angelini withdrew from the case, defendant was given the

opportunity to withdraw his plea agreement and move forward with new counsel, defendant has failed to establish that he was prejudiced by any potential conflict involving Angelini.

IT IS ORDERED

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") is denied.

2. A separate Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 31st day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
U.S. District Judge